**SO ORDERED.**
**SIGNED October 20, 2020.**



_____
**JOHN W. KOLWE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-50775 |
| WISCONSIN APPLE LLC<br>DEBTOR | CHAPTER 11<br><br>JUDGE JOHN W. KOLWE |

### INTERIM ORDER

Considering the *Motion for Entry of Order Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; (3) Scheduling and Approving the Form and Method of Notice for a Final Order; and (4) For Related Relief [Dkt-7]* ("**Cash Collateral Motion**") filed by Wisconsin Apple LLC (the "**Debtor**"), the statements of counsel at the

{00374369-4}

October 19, 2020 hearing on the Cash Collateral Motion, the record of this case, and applicable law,

**IT IS ORDERED** that the Cash Collateral Motion is granted on an interim basis and the Debtor is authorized that to use cash in its bank account and cash generated by its operations (Operating Funds) through November 10, 2020, on the terms and conditions set forth in this order. The Debtor is authorized to use Operating Funds in accordance with the Budget attached to this interim order as Exhibit 1; <u>provided</u>, <u>however</u>, that the Debtor may exceed each line item in the Budget by up to twenty percent (20%), so long as the aggregate amount of the Budget on a monthly basis is not exceeded by more than twenty percent (20%). Notwithstanding anything to the contrary contained herein: (a) the Debtor shall not pay any pre-petition claims unless authorized by separate order of this Court; and (b) as provided in Bankruptcy Rule 4001 (b) (2), the Debtor may use only that amount of Operating Funds as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

**IT IS FURTHER ORDERED** that Bremer Bank's ("Secured Creditor") alleged security interests are presently adequately protected by the following adequate protection for the Debtor's use of Operating Funds, and only to the extent of any post-petition diminution in the value of the Secured Creditors' interest in Cash Collateral. The Secured Creditor's interest in Cash Collateral as of the Petition Date shall be reduced by any allowed unpaid PACA claim that existed as of the Petition Date. The Secured Creditor is hereby GRANTED:

    a. the Secured Creditor is granted replacement security interests in and liens upon (collectively, the "Adequate Protection Liens") all post petition property acquired by the Debtor The liens granted herein are only to the extent that the Secured Creditor prepetition possessed a valid and perfected security interests in and lien upon such property (collectively, the "<u>Post-Petition Collateral</u>"), in each case to the same extent, validity and priority as the prepetition security interests and liens that the Secured Creditor possessed in and upon the prepetition collateral. The Adequate Protection Liens of the Secured Creditor shall each be subject only to

{00374369-4}

(a) any allowed PACA claims; (b) valid, perfected, enforceable and unavoidable liens and security interests granted by the Debtor or operation of law to any person or entity that were superior in priority to the prepetition security interests and liens held by the Secured Creditor. The lien is further granted only to the extent such prepetition liens are not otherwise subject to avoidance or subordination. Notwithstanding the foregoing or anything herein to the contrary, neither the Adequate Protection Liens nor the Post-Petition Collateral shall include any claims, causes of action and proceeds thereof arising under sections 510, 544, 545, 546, 547, 548, 549, 550 and 551 of the Bankruptcy Code. For the avoidance of doubt this order does not grant a replacement lien on the Debtors' real estate leases or expand any rights that Bremer may possess with respect to any asserted lien on the Debtors' Franchise Agreements or limit any rights possessed by Applebee's (Dine Brands Global, Inc.) as Franchisor, including without limitation any consent and approval rights with respect to such Franchise Agreements (including any related agreements) and as to any operator of the Debtors assets.

b. The Debtor will timely make post-petition payments required under its Franchise Agreements with Applebee's and comply with all terms and conditions of the Franchise Agreement unless such performance is expressly in writing waived by Applebee's.

**IT IS FURTHER ORDERED** that except as otherwise provided in this order, (a) the protections afforded to the Secured Creditor under this order, and any actions taken under this order, shall survive the entry of an order (i) dismissing the chapter 11 case or (ii) converting the chapter 11 case into a case under chapter 7 of the Bankruptcy Code, and (b) the Adequate Protection Liens shall continue in the chapter 11 case or any such successor case or after any conversion of the case to chapter 7 or dismissal. Except as otherwise provided in this order, the Adequate Protection Liens shall maintain their priorities as provided in this order and not be modified, altered, or impaired in any way by any other financing, extension of credit, incurrence of indebtedness, or any conversion of the chapter 11 cases into a case pursuant to chapter 7 of the Bankruptcy Code or dismissal of the chapter 11 case.

**IT IS FURTHER ORDERED** notwithstanding anything in this order to the contrary, all rights, claims and causes of action of any sort of the Debtor and its estates against the Secured Creditors, including, without limitation, the rights of the Debtor or its estates to challenge the

validity, extent or priority of such parties' security interests in and liens upon the prepetition collateral and the Post-Petition Collateral, are specifically reserved.

**IT IS FURTHER ORDERED** that notwithstanding Bankruptcy Rule 7062, the terms and conditions of this interim order shall: (a) be immediately enforceable pursuant to Bankruptcy Rule 8005; and (b) not be stayed absent: (i) an application by a party in interest for such stay in conformance with such Bankruptcy Rule 8005; and (ii) a hearing upon notice to the Debtor.

**IT IS FURTHER ORDERED** that a final hearing to consider the Cash Collateral Motion will be held on **November 10, 2020 at 10:00 A.M. CST,** telephonically, but that if no party-in-interest timely objects to the Cash Collateral Motion, the court may grant the relief sought on a final basis without a hearing. As this matter will be conducted telephonically - the dial-in instructions are as follows:

1. https://teleconference.uc.att.com/ecm
2. Login as Guest
3. Put in Dial-in # 877-411-9748
4. Enter access code 2239270
5. Follow instructions and continue – please make sure to enter the third set of numbers on the screen once you have joined the call
6. If you are asked a security code, please enter 5722

**IT IS FURTHER ORDERED** that the Debtor give notice of this interim order to all parties entitled to notice not later than **October 22, 2020**.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this interim order.

### End of Order ###

Prepared and Submitted by:

Douglas S. Draper, La. Bar No. 5073
Leslie A. Collins, La. Bar No. 14891
Greta M. Brouphy, La. Bar No. 26216
**HELLER, DRAPER & HORN, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103
Telephone: 504.299.3300/Fax: 504.299.3399
ddraper@hellerdraper.com
lcollins@hellerdraper.com
gbrouphy@hellerdraper.com

20534028v3

{00374369-4} 4

United States Bankruptcy Court
Western District of Louisiana

In re:  
Wisconsin Apple LLC  
    Debtor(s)

Case No. 20-50775-JWK  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0536-4     User: kcarpente     Page 1 of 2  
Date Rcvd: Oct 20, 2020     Form ID: pdf8     Total Noticed: 3

The following symbols are used throughout this certificate:  
**Symbol    Definition**  
+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 22, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Wisconsin Apple LLC, 3909 Ambassador Caffery Pkwy, Lafayette, LA 70503-5280 |
| intp | | Blue Victory Holdings, Inc., c/o Michael Crawford, POB 2471, Baton Rouge, LA 70821-2471 |
| cr | + | Bremer Bank, National Association, c/o Robert J. Burvant, 201 St. Charles Avenue 45th Floor, New Orleans, LA 70170-1000 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).  
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| tr | | DIP |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 22, 2020     Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 20, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Douglas S. Draper | on behalf of Debtor Wisconsin Apple LLC ddraper@hellerdraper.com kfritscher@hellerdraper.com;lcollins@hellerdraper.com |
| Gail Bowen McCulloch | on behalf of U.S. Trustee Office of U. S. Trustee gail.mcculloch@usdoj.gov |
| Greta M. Brouphy | on behalf of Debtor Wisconsin Apple LLC gbrouphy@hellerdraper.com |
| Jeffrey M. Burmaster | on behalf of Creditor Bremer Bank National Association jburmaster@kingjurgens.com |

| | |
|---|---|
| Michael A. Crawford | on behalf of Interested Party Blue Victory Holdings Inc. mike.crawford@taylorporter.com, elise.aycock@taylorporter.com |
| Office of U. S. Trustee | Gail.Mcculloch@usdoj.gov |
| Robert J. Burvant | on behalf of Creditor Bremer Bank National Association rburvant@kingjurgens.com, shendrix@kingjurgens.com |

TOTAL: 7