## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-50775 |
| WISCONSIN APPLE LLC | |
| DEBTOR[1] | |
| | CHAPTER 11 |
| | JUDGE JOHN W. KOLWE |

## MOTION FOR INTERIM AND FINAL ORDERS: (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF PREPETITION AMOUNTS DUE, AND (B) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADEQUATE ASSURANCE

Wisconsin Apple LLC ("Debtor"), as debtor-in-possession,, by and through undersigned counsel, hereby respectfully move this Court for entry of an interim order: (a) prohibiting those utility companies currently providing services, or that will provide services, to the Debtor (collectively, the "Utility Companies" and each, individually, a "Utility Company") from altering, refusing, or discontinuing services to, or discriminating against, the Debtor on account of prepetition amounts due, pending entry of final order granting the relief sought herein; (b) determining that the Utility Companies are adequately assured of payment for future utility services, pending entry of the final order; (c) establishing certain procedures for determining requests for additional assurance; (d) permitting Utility Companies to opt out of the procedures established herein; and (e) scheduling a final hearing on the Motion within thirty (30) days of the Petition Date. The Debtor also seeks the entry of a final order granting the relief requested

---

[1] 3909 Ambassador Caffery Parkway, Lafayette, LA 70503. EIN xx-xx3622.

{00374315-6}

1

herein on a permanent basis. In support of this Motion, the Debtor respectfully submits as follows:

## I. JURISDICTION, VENUE AND BACKGROUND

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief sought herein are Sections 105 and 366 of Title 11 of the United States Code (the "Bankruptcy Code")

3.      Additionally, the Debtor used its best efforts to get specific and personal contact information for the Utility Companies (i.e., not just the general Post Office box where payments are remitted) where notices of bankruptcy and this Motion could be sent, including, but not limited to fax and/or e-mail addresses to allow for immediate delivery when such information was available. As such, Debtor has used its best efforts under the circumstances to provide Utility Providers notice of this Motion. In light of the nature of the relief requested, Debtor respectfully submits that no further notice is necessary.

4.      On October 14, 2020, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing the above-captioned case (the "Chapter 11 Case"). The Debtor continues to manage and operate its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5.      An official committee of unsecured creditors has yet to be appointed in this Chapter 11 case. Further, no trustee or examiner has been requested or appointed in the Chapter 11 case.

6.      The *Declaration in Support of Motions for Order Authorizing Use of Cash Collateral and for Authority to Pay Employees' Pre-Petition Wages* [Dkt #23] provides a detailed discussion of the factual background and circumstances surrounding the Debtor's commencement of this Chapter 11 Case, the Debtor's operations, and the facts and circumstances necessitating entry of interim and final orders prohibiting the Utility Companies from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of prepetition amounts due, determining that the Utility Companies are adequately protected and establishing procedures for requests for additional assurance, and the related relief requested herein.

## II. <u>REQUESTED RELIEF</u>

7.      Pursuant to Section 366(a) of the Bankruptcy Code, the Debtor hereby seeks entry of an interim order in the form attached hereto as **Exhibit "1"** (the "<u>Interim Order</u>"): (a) prohibiting the Utility Companies from altering, refusing, or discontinuing services to, or discriminating against, the Debtor on account of prepetition amounts due, pending entry of final order granting the relief sought herein (the "<u>Final Order</u>"); (b) determining that the Utility Companies have received adequate assurance of payment for future utility services, pending entry of the Final Order; (c) establishing certain procedures for determining requests for additional assurance; (d) permitting Utility Companies to opt out of the procedures established herein; (e) scheduling a final hearing on the Motion (the "<u>Final Hearing</u>") within thirty (30) days of the Petition Date; and (f) entry of the Final Order.

## III. <u>PROPOSED PROCEDURES AND LEGAL ANALYSIS</u>

### A.      <u>The Utility Companies.</u>

{00374315-6}

3

8.    The Debtor currently uses electric, natural gas, heat, water, sewer, phone, and other similar services provided by multiple Utility Companies, including the Utility Companies identified on the attached **Exhibit "2"** (the "Utility Service List").

9.    Uninterrupted utility service is essential to the Debtor's ongoing operations and, therefore, to the success of the Debtor's Chapter 11 Case.  The Debtor could not operate its restaurants in the absence of continuous utility service.  Should any Utility Company refuse or discontinue service, even for a brief period of time, the Debtor may be forced to cease operations, resulting in a substantial disruption of the business and loss of revenue.  The temporary or permanent discontinuation of utility services could irreparably harm the Debtor's business and jeopardize the Chapter 11 case.

10.    The Debtor intends to pay the post-petition obligations to the Utility Companies timely.  The Debtor will make the payments from the operating cash as of the Petition Date and cash generated through continued operations.

**B.    Adequate Assurance of Payment.**

11.    Pursuant to Section 366(c)(2) of the Bankruptcy Code, a utility many alter, refuse, or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor or the trustee adequate "assurance of payment" within thirty (30) days of the commencement of the debtor's chapter 11 case.   Section 366(c)(1)(A) of the Bankruptcy Code defines the phrase "assurance of payment" to mean, among other things, a cash deposit or a bond.  Accordingly, the Debtor proposes to allow each Utility Company to retain any prepetition deposits and the bonds it may hold to secure payment of post-petition services.  Furthermore, upon written request, the Debtor will pay to each Utility an amount equal to the Debtor's calculation of the cost of one month's worth of utility service, based on the historical average over the past twelve months as

{00374315-6}

4

calculated by the Debtor (each, an "Adequate Assurance Deposit"), provided such Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance Deposit after deduction of any prepetition amounts owed to such Utility Company (which existing deposit shall be deemed to be an Adequate Assurance Deposit for purposes of this Motion). A Utility Company's request for, and acceptance of, an Adequate Assurance Deposit shall be deemed an acknowledgement and admission from the Utility Company that the Adequate Assurance Deposit is the form of adequate assurance that is satisfactory to it, within the meaning of Section 366 of the Bankruptcy Code. Likewise, any Utility Company that does not request an additional Adequate Assurance Deposit no later than ten (10) days after entry of an order approving this Motion ("Request Deadline") and does not file a Procedure Objection (as defined below) to opt out of the Adequate Assurance Procedures (as described below), shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of Section 366 of the Bankruptcy Code.

12.    The Debtor submits that the retention by such Utility Companies of any prepetition deposits to secure payment for post-petition services and the availability of the Adequate Assurance Deposit (if timely requested), in conjunction with the Debtor's demonstrated ability to pay for future utility services in the ordinary course of business (collectively, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment to the Utility Companies to satisfy the requirements of Section 366 of the Bankruptcy Code. Nonetheless, if any Utility Company believes additional assurance is required, they may request such assurance pursuant to the procedures described below.

**C.    The Adequate Assurance Procedures.**

13.     To address the right of any Utility Company under Section 366(c)(2) of the Bankruptcy Code to seek adequate assurance satisfactory to it, the Debtor proposes that the following procedures (the "Adequate Assurance Procedures") be adopted:

(a) Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Debtor by the Request Deadline at the following email addresses: (i) Douglas Draper at ddraper@hellerdraper.com and Yannick Bastien at yannick@arcgrpinc.com.

(b) Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s) (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Company and (iv) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c) Upon the Debtor's receipt of an Additional Assurance Request at the addresses set forth above, the Debtor shall have the greater of (i) fourteen (14) days from the receipt of such Additional Assurance Request or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve their Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the applicable Utility Company.

(d) The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

(e) If the Debtor determines that an Additional Assurance Request is not reasonable, and is not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to Section 366(c)(3)(A) of the Bankruptcy Code.

(f) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate

Assurance.

(g) Other than through the Opt-Out Procedures (as such term is defined below), any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

## D.     <u>The Opt-Out Procedures.</u>

14.      As noted above, Section 366(c) of the Bankruptcy Code requires the Debtor to provide Utility Companies, within thirty (30) days of the Petition Date, with "adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). Thereafter, any such adequate assurance provided by the Debtor may be modified by the Court after notice and a hearing under Section 366(c)(3)(A) of the Bankruptcy Code. Under the proposed Adequate Assurance Procedures, however, the Debtor may seek a determination of appropriate adequate assurance at a Determination Hearing held after the first thirty (30) days of this case, without providing interim assurances (other than those set forth above) deemed "satisfactory" to the Utility Company. Although the proposed Adequate Assurance Procedures are reasonable, certain Utility Companies might assert that the procedures as implemented are not strictly in compliance with Section 366 of the Bankruptcy Code if an adequate assurance dispute is not resolved within the thirty (30) days following the Petition Date. If, as a result, any Utilities Companies wish to opt out of the Adequate Assurance Procedures, the Debtor submits that the Court should schedule a hearing and issue a ruling on the amount of adequate assurance to be provided such Utility Companies within thirty (30) days of the Petition Date.

15.     In particular, to avoid any argument that the Debtor has not fully complied with Section 366 of the Bankruptcy Code, the Debtor proposes the following procedures (the "Opt-Out Procedures"):

(a)     Any Utility Company wishing to opt out of the Adequate Assurance Procedures must file an objection (the "Procedures Objection") with the Court and serve such Procedures Objection so that it is actually received by the Debtor within fifteen (15) days of entry of the Interim Order at the following email addresses: (i) Douglas Draper at ddraper@hellerdraper.com and Yannick Bastien at yannick@arcgrpinc.com.

(b)     Each Procedures Objection must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the objecting Utility Company; (iv) explain why the objecting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (v) identify, and explain the basis of, the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

(c)     The Debtor, in its discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in their discretion, provide a Utility Company with additional adequate assurance of future payments, including, but not limited to, cash deposits, prepayments or other forms of security, if the Debtor believes such additional assurance is reasonable.

(d)     If the Debtor determines that the Procedures Objection is not reasonable and is not able to reach prompt alternative resolution with the objecting Utility Company, the Procedures Objection will be heard at the Final Hearing.

(e)     Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

**E.     Final Hearing Date.**

16.     To resolve any Procedures Objections within thirty (30) days of the Petition Date, the Debtor requests that the Court schedule the Final Hearing on any unresolved Procedures Objections approximately twenty-five (25) days after the Petition Date.

**F.     Subsequent Modifications of Utility Service List.**

{00374315-6}

8

17. It is possible that, despite the Debtor's efforts, certain Utility Companies have not been identified by the Debtor or included on the Utility Service List. To the extent that the Debtor identifies additional Utility Companies, the Debtor will file amendments to the Utility Service List, and shall serve copies of the Interim Order and Final Order (when and if entered) on such newly-identified Utility Companies. The Debtor requests that the Interim and Final Orders be binding on all Utility Companies, subject to their rights to the Proposed Adequate Assurance and to request additional adequate assurance, regardless of when any given Utility Company was included on the Utility Service List.

**G.**     **Authority for the Requested Relief.**

18. The policy underlying Section 366 of the Bankruptcy Code is to protect the Debtor from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate "assurance of payment" for post-petition utility service. *See* H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.A.N. 5963, 6306. Section 366(c)(1) of the Bankruptcy Code, as modified in October 2005, defines "assurance of payment" to mean several enumerated forms of security (e.g., cash deposits, letters of credit, prepayment for utility service) while excluding from the definition certain other forms of security (e.g., administrative expense priority for a utility's claim). In addition, Section 366(c)(3)(B) of the Bankruptcy Code provides that a court may not consider certain facts (e.g., a debtor's prepetition history of making timely payments to a utility) in making a determination of adequate assurance of payment.

19. While Section 366(c) clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what

amount, if any, is necessary to provide adequate assurance of payment to a Utility Company. Indeed, Section 366(c) of the Bankruptcy Code not only fails to establish a minimum amount of adequate "assurance of payment" but explicitly empowers the court to determine the appropriate level of adequate assurance required in each case. *See* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment …")

20.    Thus, there is nothing within Section 366 of the Bankruptcy Code that prevents a court from ruling that, on the facts of the case before it, the amount required to adequately assure future payment to a utility company is nominal or even zero. Prior to the enactment of section 366(c) of the Bankruptcy Code, courts enjoyed precisely the same discretion to make such rulings pursuant to section 366(b) of the Bankruptcy Code, and frequently did so. *See Virginia Elec. & Power Co. v. Caldor, Inc. – N.Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

21.    Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate". Courts construing Section 366(b) of the Bankruptcy Code have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g., In re Caldor, Inc. – N.Y.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires [a] [b]ankruptcy [c]ourt to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), aff'd *sub nom. Virginia Elec. & Power*

{00374315-6}

*Co. v. Caldor, Inc. – N.Y.*, 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus. Solutions, Inc.*, 280 BR. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *Steinebach v. Tucson Elec. Power Co. (In re Steinebach)*, No. 4-02-04876-EWH, 2004 WL 51616, at *5 (Bankr. D. Ariz. Jan 2, 2004) ("Adequate assurance of payment is not, however, absolute assurance …. All §366(b) requires is that a utility be protected from an unreasonable risk of non-payment"); *In re Penn Jersey Corp.*, 72 B.R. 981, 982 (Bankr. E.D. Pa. 1987) (stating that Section 366(b) of Bankruptcy Code "contemplates that a utility receive only such assurance of payment as is sufficient to protect its interests given the facts of the debtor's financial circumstances").

22.     The Debtor submits that, given the foregoing, entry of the Interim Order is consistent with, and fully satisfies, the requirements of Section 366 of the Bankruptcy Code.  Far from offering the Utility Companies nominal (or even no) additional assurance of payment, the Debtor proposes to provide the Utility Companies with (a) the authority to retain any prepetition deposits to secure payment of post-petition obligations, (b) significant additional cash deposits, and (c) procedures pursuant to which the Utility Companies can seek greater or different security.  When completed by the Debtor's ability to pay, such assurance of payment significantly alleviates – if not eliminates – any honest concern of nonpayment on the part of the Utility Companies, and is thus clearly "adequate."

23.     Similar relief has been granted in this district and other districts decided under amended Section 366 of the Bankruptcy Code.  *See, e.g., 155 East Tropicana, LLC, et al.*, ECF No. 62 in 11-22216-bam (Bankr. D. Nev. 2011); *In re Ahern Rentals, Inc.,* ECF No. 33 in 11-53860-btb (Bankr. D. Nev. 2011); *In re Jerry's Nugget, Inc., et al.*, ECF No. 50 in 12-19387-mkn (Bankr. D. Nev. 2012); *In re Primecare Nevada, Inc.*, ECF No. 32 in 13-20348-led (Bankr. D. Nev. 2013); *In re Zaragoza Crossing, LP*, 09-11028 (Bankr. M.D.La. 2009); *In re Nashville*

*Senior Living, LLC*, et al., 08-07254 (Bankr. M.D.Tenn. 2009); *In re Equity Media Holdings Corporation*, 08-17646 (Bankr. E.D.Ark. 2009); *In re Louisiana Riverboat Gaming Partnership, et al.*, 08-10824 (Bankr. W.D.La. 2008); *In re Musicland Holding Corp.*, 06-10064 (Bankr. S.D.N.Y. 2006).

24.     Notice of this pleading has been provided by e-mail, facsimile, or overnight delivery to the top 20 unsecured creditors, Applebee's c/o Michael Walsh and Craig Ganz, and Bremer c/o Dan Beck.

**WHEREFORE,** the Debtor respectfully requests that the Court: (a) enter the Interim Order attached hereto as **Exhibit "1"** granting the relief requested herein, which shall become a Final Order as to any Utility Company that does not timely file a motion for determining adequate assurance; and (b) grant such other and further relief to the Debtor as the Court may deem proper.

Dated this 23rd day of October, 2020

/s/ *Douglas S. Draper*
Douglas S. Draper, La Bar No. 5073
Leslie A. Collins, La Bar No. 14891
Greta M. Brouphy, La Bar No. 26216
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103
Office: 504 299-3300/Fax: 504 299-3399
E-mail:  ddraper@hellerdraper.com
E-mail:  lcollins@hellerdraper.com
E-mail:  gbrouphy@hellerdraper.com

*Proposed Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I, Douglas S. Draper, hereby certify that I caused the above and foregoing *Notice of Hearing* to be served through this Bankruptcy Court's electronic notifying system upon the following:

- **Greta M. Brouphy**   gbrouphy@hellerdraper.com
- **Jeffrey M. Burmaster**   jburmaster@kingjurgens.com
- **Robert J. Burvant**   rburvant@kingjurgens.com, shendrix@kingjurgens.com
- **Michael A. Crawford**   mike.crawford@taylorporter.com, elise.aycock@taylorporter.com
- **Douglas S. Draper**   ddraper@hellerdraper.com, lcollins@hellerdraper.com
- **Gail Bowen McCulloch**   gail.mcculloch@usdoj.gov
- **Office of U. S. Trustee**   Gail.Mcculloch@usdoj.gov

October 23, 2020

*/s/ Douglas S. Draper*
Douglas S. Draper, LA Bar No. 5073
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103
Office: 504 299-3300/Fax: 504 299-3399
E-mail:  ddraper@hellerdraper.com

***Proposed Counsel for the Debtor***

{00374315-6}

13